UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

ALEX ROYBAL,

      Plaintiff,

vs.                                                       No. CIV 01-1395 BB/LCS

CORNELL CORRECTIONS
FACILITY,

      Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

      This matter is before the Court on Defendant's *Martinez* Report (Doc. 15), filed August 27, 2002, herein construed as a motion to dismiss. On December 12, 2001, the assigned United States District Judge referred this matter to the undersigned United States Magistrate Judge to submit proposed findings of fact and recommendation for disposition of this case pursuant to 28 U.S.C. § 636(b)(1). The United States Magistrate Judge, having considered the arguments, record, relevant law, and being otherwise fully informed, recommends that this matter be dismissed without prejudice for failure to exhaust administrative remedies.

## PROPOSED FINDINGS

      1.     Plaintiff, a *pro se* litigant, filed his Complaint pursuant to 42 U.S.C. §1983, seeking damages resulting from alleged mistreatment during his stay at the Santa Fe County Detention Center. Defendant operated the Santa Fe County Detention Center at all relevant times. (Def. Ex. 4.) The Complaint alleges that Defendant denied Plaintiff medical assistance, access to a bathtub, visitation privileges, and access to a telephone in violation of the Eighth Amendment. Plaintiff states that as

a victim of polio he is "unable to get around without assistance." (Doc. 1 at 2.) Liberally construed, the Complaint may be read as alleging a claim under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12112(a) as well as under §1983. Defendant answered on June 24, 2002, asserting a general denial and various affirmative defenses, including and assertion that the suit "is subject to, limited to and/or barred by the Prison Litigation Reform Act."

   2.  On July 30, 2002, Defendant was ordered to submit a report pursuant to *Martinez v. Aaron*, 570 F. 2d 317, 320 (10th Cir. 1978), addressing the claims raised in Plaintiff's Complaint (*Martinez* report). The Order admonished Plaintiff that the *Martinez* report may be used in deciding whether to grant summary judgment on Plaintiff's claims, whether by motion or *sua sponte,* and that the parties should submit whatever materials they consider relevant to Plaintiff's claims. (Doc. 13.) The Order further required Plaintiff to respond or object to the *Martinez* report by September 30, 2002. To date, Plaintiff has failed to respond or object to the *Martinez* report. I find that the *Martinez* report should be used in deciding whether to dismiss Plaintiff's claims for failure to exhaust administrative remedies. Accordingly, I will construe the *Martinez* report as a motion to dismiss.

   3.  This Court liberally construes *pro se* litigants' pleadings and holds them to a less stringent standard than required of those prepared by a lawyer. *See Gillihan v. Shillinger*, 872 F. 2d 935, 938 (10th Cir. 1989). At the same time, the Court may not assume the role of advocate for the *pro se* litigant, and need not accept as true unsupported conclusory allegations. *See Hall v. Bellmon*, 935 F. 2d 1106, 1110 (10th Cir. 1991). A motion to dismiss should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *See Conley v. Gibson*, 355 U. S. 41, 45-46 (1957). In ruling on a motion to dismiss, the court must accept all the well-pleaded factual allegations of the complaint as true and view them in

the light most favorable to the non-moving party. *See Sutton v. Utah State Sch. for the Deaf and Blind*, 173 F. 3d 1226, 1236 (10th Cir. 1999).

    4.    Defendant asserts that Plaintiff failed to exhaust administrative remedies with respect to his claims. The Prison Litigation Reform Act (PLRA), 42 U. S. C. §1997e(a) provides in pertinent part that: "No action shall be brought with respect to prison conditions under section 1983 ..., or any other Federal law, by a prisoner ... until such administrative remedies as are available are exhausted." Under the PLRA, all inmates must exhaust available administrative remedies, even if those remedies appear futile. *Booth v. Churner*, 532 U.S. 731, 740 (2001) (holding that exhaustion was required as long as there was authority to take some responsive action even where inmate sought money damages and the grievance process did not permit such an award).

    6.    The Supreme Court has made clear that the "PLRA's exhaustion requirement applies to all inmate suits about prison life." *Porter v. Nussle*, 534 U.S. 516. (2002). Thus, the exhaustion requirement of the PLRA applies to suits brought under the ADA. *Jones v. Smith*, 266 F. 3d 399, 400 (6th Cir. 2001). Regardless of whether his claims are construed under §1983 or the ADA, Petitioner was required to exhaust available administrative remedies as a prerequisite to filing suit.

    7.    Defendant has submitted evidence that administrative remedies were available to Plaintiff during his stay at the Santa Fe County Detention Center. (Def. Exs. 9 and 10.) While Plaintiff failed to respond to the *Martinez* report, he did concede in his Complaint that he failed to exhaust administrative remedies. (Doc. 1 at 5.) By way of explanation for this omission, Plaintiff states that he was unable to communicate with anyone until he filed his Complaint. (*Id.*) Plaintiff's proffered explanation does not excuse his failure to exhaust because the Complaint establishes that Plaintiff is able to write. (Doc. 1.) Furthermore, Defendant's exhibits demonstrate that Plaintiff

submitted written requests for medication during his stay at the Santa Fe County Detention Center. (Def's Ex. 2 at 41.)  Clearly, Plaintiff was able to submit a grievance had he chosen to do so.

   8.  Plaintiff filed nothing in response to the *Martinez* report, and conceded in the Complaint that he failed to exhaust administrative remedies.  Plaintiff's claims should be dismissed for failure to exhaust administrative remedies.  The dismissal should be without prejudice to permit Plaintiff the opportunity to attempt to exhaust his administrative remedies. *See Yousef v. Reno*, 254 F. 3d 1214, 1222-23 (10th Cir. 2001) (remanding case to district court with instructions to dismiss claim without prejudice to allow for exhaustion).

## RECOMMENDED DISPOSITION

I recommend that the Complaint be dismissed without prejudice.

Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102.  A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**